UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| ANTONIO L. HARDY | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-81 |
| | ) | *Greer/Inman* |
| KINGSPORT TIMES NEWS | ) | |

**MEMORANDUM OPINION**

Acting *pro se,* Antonio L. Hardy, a prisoner in the Charles Bass Correctional Complex in Nashville, Tennessee, filed this civil rights action for damages and injunctive relief under 42 U.S.C. § 1983 in the Middle District, alleging claims of "libelous slander" against against the Kingsport Times News. The case was then transferred to this Court pursuant to 28 U.S.C. § 1391(b).

I. *Screening the Complaint*

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v.*

*United States,* 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996).

## II. *Plaintiff's Allegations*

Plaintiff contends that, on or about October 7, 2007, defendant printed in its newspaper that plaintiff had been locked up in jail for aggravated kidnapping and aggravated domestic violence, under a $100,000 bond, and that he had held the victim against her will all weekend. Plaintiff asserts that he was not locked up on or before the time that the statement was printed, and that the statment was never retracted, although defendant was given the opportunity so to do for four months.

Plaintiff asserts that he has not been convicted of any of those charges and that, by publishing these statements, defendant newspaper engaged in "libelous slander,"[1] which has resulted in society being prejudiced against him, a loss of income, and estrangement from his family, friends, and co-workers, not to mention other mental, emotional, and physical stress and strain he has sustained. For this claimed wrongful conduct, plaintiff seeks compensatory and punitive damage, a retraction of the statement, an apology to him and his family, and any other relief which is just, fair and

---

[1] Under Tennessee law, "[l]ibel and slander are both forms of defamation; libel being written defamation and slander being spoken defamation." *Davis v. The Tennessean*, 83 S.W.3d 125, 128 (Tenn.Ct.App. 2001)(citation omitted).

proper.

## III. *Law & Analysis*

To state a viable § 1983 claim, a plaintiff must allege: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978). Both elements are missing here.

The Fourteenth Amendment to the United States Constitution protects against a state actor depriving a person of life, liberty, or property without due process of law. *See e.g., Bailey v. Floyd County Bd. Of Educ.*, 106 F.3d 135, 140-141 (6th Cir. 1999). Plaintiff's allegations do not support a Fourteenth Amendment due process claim. An allegation of defamation, without more, does not state a section 1983 claim because harm or injury to reputation, even if it is inflicted by an officer of the state, does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Thus, defendant's alleged act of "libelous slander" does not infringe any constitutionally protected interest of plaintiff's. *See Cutshall v. Sundquist*, 193 F.3d 466, 478 (6th Cir. 1999)

By the same token, the conduct of a private defendant is actionable under § 1983 only if the conduct can be fairly attributable to the state, *see Catz v. Chalker*, 142

F.3d 279, 289 (6th Cir. 1998); *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997), and the conduct of a private party may be fairly attributable to the state only if the conduct is so closely connected to the state that it may be fairly treated as that of the state. Here, there is no allegation whatsoever that defendant newspaper is a state actor or that its challenged actions may be fairly attributed to the state. *See Idema v. K. Wagner*, 120 F.Supp. 2d 361, 369 (S.D.N.Y. 2000), *aff'd*, 2002 WL 243119 (2nd Cir. Feb. 15, 2002) (private newspaper not acting under color of state law by publishing newspaper articles). Thus, plaintiff fails to state a claim entitling him to relief under § 1983.

## IV. *Conclusion*

The complaint fails to state a claim entitling plaintiff to relief and under § 1983 and will be **DISMISSED** accordingly. 28 U.S.C. § 1915(e)(2).

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE